UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORSEN FLEURANT,<br><br>  Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>  Respondent. | Civil Action No. 16-4482 (SDW)<br><br>OPINION |

**WIGENTON**, District Judge:

  Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Orsen Fleurant, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed a response to the Petition (ECF No. 4), to which Petitioner has replied. (ECF No. 5). For the following reasons, this Court will grant the petition and will direct an immigration judge to conduct a bond hearing for Petitioner.

**I. BACKGROUND**

  Petitioner, Orsen Fleurant, is a native and citizen of Haiti who became a lawful permanent resident of this country in September 2000. (Document 1 attached to ECF No. 4 at 2). In February 2014, Petitioner was convicted of two drug charges in the Superior Court of New Jersey, Monmouth County. (*Id.*). He received a five year prison sentence as a result. (*Id.*). On December 17, 2015, Petitioner was taken from state custody at the Wagner Youth Correctional Facility into immigration detention at the Essex County Jail. (Document 4 attached to ECF No. 4 at 2). Petitioner was also provided with a notice to appear at that time informing him that he was removable based on his past drug convictions. (*Id.*). Petitioner has remained detained pursuant to

1

8 U.S.C. § 1226(c) since that time, and is not yet subject to a final order of removal. (*Id.* at 3; ECF No. 5).

Petitioner first appeared before the immigration courts on January 27, 2016. (Document 4 attached to ECF No. 4 at 3). Petitioner's matter was rescheduled at that time so that Petitioner could obtain counsel. (*Id.*). Petitioner appeared before the immigration court once again on March 2, 2016, and his hearing was once again continued so that he could hire counsel. (*Id.*). On April 27, 2016, Petitioner returned to immigration court and filed an application for asylum and withholding of removal. (*Id.*). Although Petitioner's hearing was then set to continue in August 2016, that hearing was moved up to June 20, 2016. (Document 7 attached to ECF No. 4). Notice of that date change, however, was apparently not properly served on Petitioner's counsel, and his hearing was ultimately moved back to August 24, 2016. (*Id.*). Petitioner ultimately appeared for another hearing on September 6, 2016, at which time the immigration judge granted a motion by Petitioner for a continuance so that he could further prepare his case. (*Id.*). Petitioner was apparently then scheduled to return on November 2, 2016. (*Id.*). Neither party has informed the Court what, if anything, occurred at the November 2 hearing, but it does not appear that Petitioner has received a final order of removal at this time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

B. **Analysis**

The parties in this matter agree that Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c) based on his prior drug convictions, and that Petitioner is not yet subject to a final order of removal. As a result, the propriety of his continued detention without a bond hearing is governed by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234. Reasonableness in this context is "a function of whether [continued detention without bond] is necessary to fulfill the purpose of the statute," specifically protecting the public and ensuring that the petitioner attends his removal proceedings. *Id.* While the *Diop* panel of the Third Circuit declined to adopt a bright line rule for determining reasonableness solely on the basis of the passage of time, s*ee* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014), the Third Circuit has recently provided further guidance in that regard in the form of *Chavez-Alvarez*. In that case, the Third

Circuit held that, at least where the Government does not show bad faith on the petitioner's part, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

Although the Government acknowledges the applicability of *Diop* and *Chavez-Alvarez* to this matter, the Government argues that those cases are distinguishable and that Petitioner's continued detention for approximately a year without a bond hearing therefore remains reasonable. The Government presents two bases for this claim – that Petitioner is responsible for several of the delays in his immigration proceedings and because even if his claims for relief from removal were successful, Petitioner could still be removed to a country other than his home country of Haiti. The Government also argues that Petitioner's claims for relief are not overly complicated. In making this argument, however, the Government does not argue that Petitioner's claims for relief are completely without merit nor that Petitioner's requests for continuances were the result of a dilatory motive.

This Court recently dealt with a nearly identical argument and rejected it in *Rodriguez v. Green*, No. 16-4431, 2016 WL 7175597, at *2-3 (D.N.J. Dec. 7, 2016). As this Court explained in that matter:

> Turning first to the issue of Petitioner's responsibility for some of the delay in his case, the Third Circuit specifically held in *Chavez-Alvarez* that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475. Thus, detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the

4

>Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings. *Id.* While the Third Circuit did observe that "certain cases might be distinguishable [from *Chavez-Alvarez* where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute," *Id.* at 476, the *Chavez-Alvarez* panel also observed that courts need not "decide whether an alien's delay tactics should preclude a bond hearing" where the court could not conclude that the alien acted in bad faith. *Id.*
>
>Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but is instead a fact specific inquiry requiring consideration of whether the alien has presented "real issues" to the immigration court by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues. *Id.* "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

*Id.* This Court therefore concluded that the petitioner in that case was entitled to a bond hearing because he had been detained for nearly a year, was pursuing claims that were capable of providing some relief, however limited it may be, and because the Government had not shown bad faith or dilatory motive on the part of the petitioner. *Id.* at *3.

This matter is not materially distinguishable from *Rodriguez* or *Chavez-Alvarez*. Petitioner in this matter has been held for approximately a year without receiving a bond hearing and has been pursuing several avenues for relief from removal. While those claims for relief may not be as novel or complex as those presented in *Chavez-Alvarez*, and may ultimately only prevent his removal to Haiti rather than prevent his removal from the United States entirely, nothing the

5

Government has presented suggests that Petitioner has been acting in bad faith or been unnecessarily delaying his immigration proceedings. Instead, it appears that Petitioner has been pursuing the few opportunities for relief available to him in light of his criminal history. As this Court explained in *Rodriguez*, that Petitioner may not receive complete relief from removal is immaterial so long as he is litigating his removal without bad faith, which appears to be the case based on the evidence presented here. As this Court does not find bad faith, and as Petitioner has been held for approximately a year without a bond hearing, this Court concludes that Petitioner's case cannot be meaningfully distinguished from *Rodriguez* or *Chavez-Alvarez*, and Petitioner's detention has reached the tipping point where his continued detention is no longer constitutionally reasonable absent a particularized determination as to his danger to the community and potential flight risk. This Court will therefore grant this petition and direct the immigration Court to provide Petitioner with a bond hearing in accordance with *Chavez-Alvarez*. 783 F.3d 477-78.

**III. CONCLUSION**

For the reasons expressed above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1), and will direct an immigration judge to provide Petitioner with a bond hearing. An appropriate order follows.

Dated: December 23, 2016                    *s/ Susan D. Wigenton*
                                            Hon. Susan D. Wigenton,
                                            United States District Judge