# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORSEN F., | Civil Action No. 16-4482 (SDW) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Orsen F., filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which is on remand by order of the Third Circuit. (ECF Nos. 14, 19). Following a scheduling order, the Government filed a supplemental response to the Petition (ECF No. 20), to which Petitioner has replied. (ECF No. 23). For the following reasons, this Court will dismiss this matter as moot as Petitioner remains entitled to the bond hearing he previously received and Petitioner shall remain released on bond pending the conclusion of his removal proceedings.

**I. BACKGROUND**

As this Court previously summarized the background of Petitioner's immigration detention in its prior opinion (*see* ECF No. 8 at 1-2), this Court need only briefly summarize the post-final order history of this matter for the purposes of this opinion. On December 23, 2016, this Court granted Petitioner's habeas petition and granted Petitioner a bond hearing, finding that Petitioner had been held under 8 U.S.C. § 1226(c) for a year, that Petitioner's conduct in his removal proceedings included his legitimate pursuit of valid avenues for at least limited relief from

1

removal, and that Petitioner had not acted in bad faith in opposing his removal, and that Petitioner's continued detention absent bond would have become unreasonable under the Third Circuit's holdings in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). (*Id.* at 5-6). Following the granting of Petitioner's habeas petition, Petitioner received a bond hearing on January 6, 2017, and was ordered released by an immigration judge on $ 15,000 bond. (*See* ECF No. 11). Petitioner posted bond and was released from detention that same day. (*Id.*). Since that time, Petitioner has remained out on bond.

Petitioner's removal proceedings thereafter continued, albeit on the Newark immigration court's slower paced non-detained docket. (*See* ECF No. 23 at 14; Document 1 attached to ECF No. 20 at 2). Since his release, Petitioner has appeared alongside counsel for at least two hearings – one in August 2018, and another in March 2019. (*Id.*). Petitioner's next hearing – an individual hearing on the merits of his removal and his applications for relief therefrom – is currently scheduled for April 2021. (*Id.*). The record therefore indicates that Petitioner has complied with the terms of his bond since his release, has reported for all of his removal proceedings, and remains out on bond without a final order of removal.

Following Petitioner's release on bond, the Government filed an appeal of this Court's order granting Petitioner a bond hearing. (ECF No. 12). While that appeal was pending, the Supreme Court issued its decision in *Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830 (2018), which abrogated the constitutional avoidance holdings of *Chavez-Alvarez* and *Diop*. Based on the abrogation of those two cases which this Court followed in granting Petitioner bond, the Third Circuit ultimately remanded this matter so that this Court could consider the effects of *Jennings* upon the outcome of this matter. (ECF Nos. 14, 19).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

The parties in this matter agree that Petitioner, absent his release on bond pursuant to this Court's order, would be subject to detention under 8 U.S.C. § 1226(c) insomuch as he has a qualifying conviction and is not yet subject to a final order of removal. Although the Supreme Court abrogated the constitutional avoidance based holdings of *Diop* and *Chavez-Alvarez* in *Jennings*, both this Court and the Third Circuit have held that "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Id.*; *see also Dryden*, 321 F. Supp. 3d at 502. Even after *Jennings*, the "constitutionality of [§ 1226(c) detention remains] a function of the length of

the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. An alien's detention will thus amount to an unconstitutional application of § 1226(c) requiring a bond hearing where the prolonged nature of that detention becomes "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing); *see also Carlos A. v. Green*, No. 18-13356, 2019 WL 325543, at *4 (D.N.J. Jan. 25, 2019) (same for detention of over eighteen months).

Here, Petitioner was detained for approximately a year prior to his release on bond, and this Court found that Petitioner had not acted in bad faith in opposing his removal during that time. Since Petitioner's release on bond, his immigration proceedings have continued without resulting in an order of removal or a final order granting or denying relief from removal despite the passage of three additional years, and Petitioner is not even scheduled to have a merits hearing in his removal proceedings for another fifteen months. During this intervening period of three years, Petitioner appears to have complied with the requirements of his release on bond, and has attended

4

all of his scheduled removal proceedings, and thus it fully appears that Petitioner continues to pursue relief from removal in good faith and has not sought to unnecessarily prolong his removal proceedings.

In essence, the Government requests that this Court ignore Petitioner's actions since his release, consider solely the length of his pre-bond order detention, and find that under the circumstances he would not have been entitled to a bond hearing under *Jennings* had it applied in December 2016. On this basis, the Government asks this Court to vacate its prior order, find Petitioner ineligible for a bond hearing, and permit the Government to revoke that bond and take him back into custody. Mindful of the requirement that this Court consider Petitioner's case in a highly fact specific manner and consider all of the factual circumstances surrounding Petitioner's removal proceedings, this Court declines that invitation.

Petitioner spent a year in immigration detention, and has since his release pursued relief from removal for some three years without any evidence of bad faith. Had Petitioner been held for that full four years in the absence of a bond hearing and without evidence of dilatory action or bad motive on Petitioner's part, Petitioner's detention would clearly amount to an arbitrary and therefore unconstitutional application of § 1226(c). *See, e.g., K.A.*, 2018 WL 3742631 at * 4; *Carlos A.*, 2019 WL 325543 at *4. Although Petitioner has not been detained for the last three years, Petitioner has been in removal proceedings for four years without a removal order or order as to his applications for relief from removal, and as currently scheduled, Petitioner cannot expect to have even an immigration judge's ruling, let alone a final order from the Board of Immigration Appeals, for more than a year. Under these circumstances, and considering Petitioner's compliance with his bond order since his release, it is therefore clear that to permit the Government to take Petitioner back into custody would amount to Petitioner being arbitrarily punished because


his matter stopped being a priority case for the immigration court following his release on bond. As revoking Petitioner's bond would amount to such an arbitrary punishment, and as Petitioner's removal proceedings have been considerably prolonged largely for reasons beyond his control – his placement on the non-detained docket – this Court finds that further detention of Petitioner absent a violation of his bond order would amount to an unconstitutional application of § 1226(c). As such, Petitioner remains entitled to the bond hearing he already received. *See Dryden*, 321 F. Supp. 3d at 502. As this Court finds that Petitioner remains entitled to a bond hearing, and as Petitioner has already received that bond hearing and has been released on bond, this matter shall be dismissed as moot. Petitioner shall remain released on the bond previously granted him pending the conclusion of his removal proceedings.

## III. CONCLUSION

For the reasons expressed above, this Court will dismiss this matter as moot as Petitioner remains entitled to the bond hearing he previously received and Petitioner shall remain released on bond pending the conclusion of his removal proceedings. An appropriate order follows.

Dated: January 24, 2020

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge